**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2747-15T4

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

J.P.,

    Defendant-Appellant,

and

C.P., C.R. and T.R.,

    Defendants.

_____

IN THE MATTER OF F.R., S.P.,
and S.R.,

    Minors.

_____

Submitted June 6, 2017 — Decided September 6, 2017

Before Judges Rothstadt and Sumners.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Camden County,
Docket No. FN-04-102-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony Van Zwaren, Designated Counsel, on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Angela N. Domen, Deputy Attorney General, on the brief).

Child and Family Advocacy Clinic, Rutgers Law School, attorneys for minor S.P. (Meredith L. Schalick, Law Guardian, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors F.R. and S.R. (Christopher A. Huling, Designated Counsel and on the brief).

PER CURIAM

In this Title 9 case, defendant J.P. (Jim)[1] appeals from a November 5, 2015 fact finding order. We affirm substantially for the reasons stated by Judge Donald J. Stein in his oral opinion issued at the close of the fact finding hearing on the same date.

We summarize the relevant facts as follows. The Division of Child Protection and Permanency (Division) did not present any witness at the fact finding hearing to prosecute its claim of abuse or neglect against defendant and C.P. (Cindy), but relied

---

[1] We use initials and pseudonyms to protect the identity of the child that is the subject of this action.

upon documents[2] admitted into evidence with defendants' consent. Cindy presented the hearing's sole witness, her mother, who did not witness the incident in question.

Sixteen-year-old F.R. (Fay) was under the care of Cindy, her half-sister, and defendant, Cindy's husband. Also living with them was J.L. (Jackson), Fay's seventeen-year-old boyfriend. When Cindy learned through looking at text messages on Fay's cell phone that Fay and Jackson were having sexual relations, a plan was designed to discipline them. Cindy picked up Fay and Jackson from a friend's house after they finished work at local amusement park. When they got home, Cindy directed Fay and Jackson to enter the house through the back door, instead of their usual habit of using the front door. After entering the house, Fay's grandfather, M.L. (Myron), struck Fay with a belt in the face and body, and then started to hit Jackson. Defendant then began chocking Fay with her purse strap and pressed his knee against her neck. He continued to choke Fay despite her plea that she could not breathe because she was choking on the gum in her mouth.

When defendant diverted his attention to Jackson, Fay was able to leave the house and run to a nearby liquor store to call

---

[2] The Division's investigation report, photographs of victim's injuries, physician's curriculum vitae and evaluation report of victim, victim's hospital records, and police report.

911. Defendant caught up with Fay in the store, called her a "whore" and "slut," and punched her in the face with a closed fist. He left before the police arrived.

Fay was taken to the hospital where she was put in a neck brace, and was diagnosed with a closed head injury and multiple contusions. The beating left her with linear marks on the side of her forehead, two large bruises on the inner thigh of her left leg, swelling on the side of her forehead, and scratches on her face and arm.

The same night of the incident, defendant told the Division caseworker that the incident occurred because of Fay's and Jackson's sexual relationship. He stated that he slapped her at the liquor store because she cursed at him and gave him the middle finger.

Judge Stein found that in accordance with N.J.S.A. 9:6-8.21(c), defendant, along with Cindy, abused or neglected Fay by inflicting excessive corporal punishment that caused actual physical harm.

On this appeal, defendant presents the following single-point argument:

> THE COURT IMPROPERLY EVALUATED THE EVIDENCE
> AND THE CREDIBILITY OF WITNESSES IN APPLYING
> THE LAW TO DETERMINE WHETHER [DEFENDANT]
> COMMITTED AN ACT OF EXCESSIVE CORPORAL
> PUNISHMENT.

A-2747-15T4

Defendant specifically argues the judge did not adequately credit accounts of the incident given by him, Cindy and Myron, and that "uncorroborated statements by [Fay] were given too much weight, causing severe prejudice to [defendant.]"

In light of the record, defendant's appellate contentions are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION